16-4169-cv
Rebenstorf v. Grant

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of September, two thousand nineteen.

PRESENT:  BARRINGTON D. PARKER,
                    REENA RAGGI,
                    RAYMOND J. LOHIER, JR.,
                            *Circuit Judges*.

------------------------------------------------------------------

GLENN W. REBENSTORF,

                    *Plaintiff-Appellant*,

            v.                                                              No. 16-4169-cv

CORRECTION OFFICER JEFFREY GRANT,
SHIELD # 18559,

                    *Defendant-Appellee*.[*]

------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the official caption to conform with the above.

FOR APPELLANT: MADIHA M. MALIK (Proloy K. Das, *on the brief*), Murtha Cullina LLP, Hartford, CT.

FOR APPELLEE: JEREMY W. SHWEDER, Assistant Corporation Counsel (Richard Dearing, Deborah A. Brenner, *on the brief*), *for* Zachary W. Carter, Corporation Counsel of the City of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Brian M. Cogan, *Judge*; Marilyn D. Go, *Magistrate Judge*) entered on December 9, 2016.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Glenn W. Rebenstorf appeals from a judgment of the District Court (Cogan, J.) denying his motion to vacate the parties' written settlement agreement. On appeal, Rebenstorf claims that the District Court abused its discretion in (1) denying his motion to vacate the parties' settlement agreement and (2) failing to conduct a competency evaluation. He also contends that the District Court should have reviewed the Magistrate Judge's report and

2

recommendation de novo.   We assume the parties' familiarity with the

underlying facts and the record of prior proceedings, to which we refer only as

necessary to explain our decision to affirm.

First, Rebenstorf claims that in deciding his motion to vacate the parties'

written settlement agreement under Federal Rule of Civil Procedure 60(b)(6), the

District Court should have considered his mental illness and his pro se status.

However, relief under Rule 60(b) "may be granted only in extraordinary

circumstances," United States v. Bank of N.Y., 14 F.3d 756, 759 (2d Cir. 1994)

(quotation marks omitted), and Rebenstorf's circumstances were not

"extraordinary."   Rebenstorf's pro se status alone did not render him incapable

of entering a settlement agreement.   Nor was there adequate evidence that

Rebenstorf's mental condition rendered him incapable of comprehending the

nature of the settlement agreement.   To the contrary, the transcript of the

settlement conference shows that Rebenstorf cogently responded to each of the

Magistrate Judge's questions and clearly indicated that he understood the terms

of the agreement.   The District Court therefore did not abuse its discretion in

denying Rebenstorf's motion to vacate.   See Manning v. N.Y. Univ., 299 F.3d

156, 162 (2d Cir. 2002) (reviewing motion to vacate settlement agreement for abuse of discretion).

The District Court also was not required to sua sponte conduct a competency evaluation under Federal Rule of Civil Procedure 17(c) before denying Rule 60(b) relief. Such a hearing is required only if evidence is presented to the court showing that a party has been adjudicated incompetent or "treated for mental illness of the type that would render him . . . legally incompetent." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 201 (2d Cir. 2003). The mental health evidence adduced by Rebenstorf does not make this showing. In the absence of such evidence, a district court is not obligated "to monitor a pro se litigant's behavior for signs of mental incompetence." Id.

Finally, Rebenstorf contends that the District Court erred in reviewing his objections to the Magistrate Judge's report and recommendation for clear error rather than de novo. Because Rebenstorf's objections would not prevail under either standard of review, we need not decide which standard the District Court should have applied. See Moss v. Colvin, 845 F.3d 516, 519 n.2 (2d Cir. 2017).

4

We have considered Rebenstorf's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
